UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRANK ROLFE, | : |
|     Plaintiff, | : CIVIL ACTION NO.: 3:17-cv-01495 |
|     v. | : |
| GENERAL ELECTRIC COMPANY ; | : |
| CBS CORPORATION f/k/a VIACOM INC., successor-by-merger with CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION; | : |
| CRANE CO. individually and / or as parent, alter ego and / or successor-in-interest to CHAPMAN VALVE COMPANY, COCHRANE CORP., CHEMPUMP, CRANE SUPPLY, CRANE PUMPS AND SYSTEMS, INC., and / or JENKINS VALVES; | : SEPTEMBER 6, 2017 |
| ELLIOTT COMPANY; | : |
| FOSTER WHEELER, LLC; | : |
|     Defendants | : |

## **NOTICE OF REMOVAL**

Defendant Crane Co. hereby removes this case to the United States District Court for the District of Connecticut under 28 U.S.C. §§ 1442 and 1446. In support of this removal, Crane Co. provides the following short and plain statement:

       1.    On or about August 4, 2017, plaintiff initiated a multi-party civil action entitled <u>Frank Rolfe v. General Electric Corporation, et al.</u>, in the Superior Court, Judicial District of Fairfield at Bridgeport**.** <u>See</u> Service of Process Transmittal, Summons, and Complaint, attached as Exhibit 1. Crane Co. was served with the summons and complaint on August 7, 2017. <u>See</u> <u>id.</u>

/1271217.1

2. Plaintiff's complaint alleges that Mr. Rolfe was exposed to various asbestos-containing products during his service in the United States Navy on board vessels from 1951 to 1955 and while employed by General Dynamics Corp./Electric Boat Corp. ("Electric Boat") at Electric Boat shipyard, where he worked in various positions including a rigger, an inspector and tester from 1961 to 1979. See Id. at ¶ 2.

3. Crane Co. is aware that, during the relevant time periods, Electric Boat was engaged in the construction and maintenance of ships for the United States Navy. See Roth v. CHA Hollywood Med. Ctr., L.P., 720 F.3d 1121, 1125 (9th Cir. 2013) (noting that a defendant may "conduct[] its own investigation, even though not required to do so, and discover[] that a case [is] removable."); *see also Pantalone v. Aurora Pump Co.,* 576 F. Supp. 2d 325, 334 (D. Conn. 2008) (holding that 30-day removal period ran from point where removability was first ascertainable, even where the defendant did not yet know the "details of [Plaintiff's] Navy service.").

4. The allegation that Mr. Rolfe was exposed to Crane Co. products while working at Electric Boat shipyard as an employee of a United States Navy contractor gives rise to Crane Co.'s federal defense—often referred to as the government-contractor defense. In short, any product that Plaintiff alleges Crane Co. manufactured for or supplied to the Navy (and any product literature, labeling, or warnings that accompanied that product) would be subject to Navy specifications and requirements. Federal officers exercised their discretion regarding whether (1) asbestos was used in the product, and (2) whether a warning would accompany the product (and if so, what it would say). Without approval from a federal officer, Crane Co.'s products could not have been used by the Navy.

5. Crane Co.'s Notice of Removal is timely under 28 U.S.C § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C) because Crane Co. is filing this notice within 30 days of receiving the complaint.

6. The United States Court of Appeals for the Second, Fifth, and Ninth Circuits have all recently held that Crane Co. establishes a colorable federal defense and meets all of the requirements of federal-officer removal on the basis of evidence identical to that submitted here. Cuomo v. Crane Co., 771 F.3d 113 (2d Cir. 2014); Zeringue v. Crane Co., 846 F.3d 785 (5th Cir. 2017); Leite v. Crane Co., 749 F.3d 1117 (9th Cir. 2014).

7. The right of equipment manufacturers to remove asbestos personal-injury actions involving allegations of exposure on U.S. Navy ships has also been upheld in cases involving other similarly situated defendants by the Third, Fourth, and Seventh Circuits. Papp v. Fore-Kast Sales Co., 842 F.3d 805 (3d Cir. 2016); Sawyer v. Foster Wheeler LLC, 860 F.3d 249 (4th Cir. 2017); Ruppel v. CBS Corp., 701 F.3d 1176 (7th Cir. 2012).

8. Removal is proper under 28 U.S.C. § 1442(a)(1), where the removing defendant establishes that: (1) the defendant is a person under the statute; (2) the defendant was acting under the direction of a federal officer when it engaged in the allegedly tortious conduct; (3) there is a causal nexus between the plaintiff's claims and the defendant's actions under federal direction; and (4) the defendant has raised a colorable defense based upon federal law. See Mesa v. California, 489 U.S. 121, 124-25, 129-31, 134-35 (1989); Cuomo, 771 F.3d at 115.

9. Crane Co., as a corporation, qualifies as a "person" for purposes of the statute. See Winters v. Diamond Shamrock Co., 149 F.3d 387, 398 (5th Cir. 1998).

10. With respect to the second element for federal-officer removal, Crane Co. was acting under the direction of the Navy in the design, manufacture, and sale of its products

for and to the Navy. Crane Co. products were designed and manufactured in accordance with precise contracts and specifications approved by the Navy. See Affidavit of Anthony D. Pantaleoni ("Pantaleoni Aff."), at ¶¶ 5-6, attached as Exhibit 2; Affidavit of David P. Sargent ("Sargent Aff."), at ¶¶ 22-32, attached as Exhibit 3.[1] Since the 1950s, the Navy issued Military Specifications (MILSPECs) for various products, including the types of products allegedly manufactured or supplied by Crane Co., and certain MILSPECs required the use of asbestos or asbestos components. See Sargent Aff., at ¶¶ 26-27, and 32. Compliance with the specifications for equipment to be used on Navy ships was directly monitored by Naval Machinery Inspectors. Sargent Aff., at ¶ 29. And unless Crane Co. products were first determined to be in conformity with all applicable Navy specifications, they could not be installed aboard Navy ships. Sargent Aff., at ¶ 29. Thus, given the Navy's direct and detailed control over the design and manufacture of Crane Co. products, Crane Co. has met this element.

11. In light of the specific direction and strict control of the Navy over the design and manufacture of Crane Co. products detailed above, there is a strong causal nexus between plaintiff's claims and Crane Co.'s actions, thereby meeting the third element. Plaintiff's claims against Crane Co. depend solely on the actions taken by Crane Co. in accordance and compliance with directions from the Navy.

12. With respect to the fourth element, Crane Co.'s government-contractor defense is a colorable federal defense to plaintiff's claims. As set forth in the product liability/design defect context by the Supreme Court of the United States in <u>Boyle v. United Technologies Corp.</u>, 487 U.S. 500, 512 (1988), the government-contractor defense applies when: (1) the United States approved reasonably precise specifications; (2) the equipment conformed to

---

[1] Crane Co. provides these affidavits as examples of the evidence it may present on these issues. Crane Co. may choose to present additional information regarding these issues once the case proceeds.

those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States. See also Leite, 749 F.3d 1117 (9th Cir. 2014).[2]

13. As the Second, Fifth, and Ninth Circuits have held, Crane Co. has a colorable federal defense because, as detailed above, the Navy provided Crane Co. with precise specifications regarding its products and Crane Co. delivered products that conformed to those specifications. Sargent Aff. at ¶¶ 23-32; Pantaleoni Aff. at ¶¶ 5-6. The Navy, as one of the leaders in industrial hygiene state of the art, possessed knowledge regarding the hazards of asbestos equal to or superior to its equipment suppliers, such as Crane Co. See Affidavit of Samuel A. Forman ("Forman Aff."), at ¶¶ 21-23, attached as Exhibit 4. The Navy's specifications governed not only the design and construction of Crane Co.'s products, but also the form and content of any labeling, product literature, or warnings supplied with the products. Sargent Aff. at ¶¶ 23-32. The Navy reviewed the proposed product literature and labeling that accompanied equipment and, at its discretion, edited the wording of instructional material and warnings, approving certain warning language and disapproving other language. See Sargent Aff., at ¶ 59 & Exhibit K, Doc. 2-8 (examples of the Navy providing line-by-line edits to the product literature and proposed warning language of equipment manufacturers). Thus, Crane Co. has a colorable federal defense and meets all of the requirements of the federal officer removal statute.

14. As required by § 1446(a), copies of all process, pleadings, and orders served upon Crane Co. are being filed herewith.

---

[2] To establish the defense in a failure-to-warn context, the elements are slightly modified to include a showing that (1) the Navy exercised its discretion and approved certain warnings; (2) the defendant provided the warnings required by the Navy; and (3) the defendant warned the Navy about any hazards that were known by it but not by the Navy. *Id.*

15. Under 28 U.S.C. § 1446(d), Defendant Crane Co. is filing written notice of this Notice of Removal with the Superior Court, Judicial District of Fairfield at Bridgeport concurrently with the filing of this Notice of Removal, and will serve the same on counsel of record. A copy of the Notice of Filing Notice of Removal, in the form in which it will be filed and served, is attached as Exhibit 5.

WHEREFORE, Crane Co. prays that the above-captioned case be removed to the United States District Court for the District of Connecticut.

THE DEFENDANT,
CRANE CO.

By: */s/ Thomas N. Lyons*
Thomas N. Lyons (ct26937)
DANAHERLAGNESE, PC
21 Oak Street, Suite 700
Hartford, CT 06106
Phone: (860) 247-3666
Fax: (860) 547-1321
Email: tlyons@danaherlagnese.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRANK ROLFE, | : |
|       Plaintiff, | : CIVIL ACTION NO.: 3:17-cv-01495 |
| v. | : |
| GENERAL ELECTRIC COMPANY ; | : |
| CBS CORPORATION f/k/a VIACOM INC., successor-by-merger with CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION; | : |
| CRANE CO. individually and / or as parent, alter ego and / or successor-in-interest to CHAPMAN VALVE COMPANY, COCHRANE CORP., CHEMPUMP, CRANE SUPPLY, CRANE PUMPS AND SYSTEMS, INC., and / or JENKINS VALVES; | : SEPTEMBER 6, 2017 |
| ELLIOTT COMPANY; | : |
| FOSTER WHEELER, LLC; | : |
|       Defendants | : |

## **CERTIFICATE OF SERVICE**

This is to certify that on this 6th day of September, 2017, the undersigned served a copy of Defendant Crane Co.'s Notice of Removal by electronic service on all counsel of record, to the following:

**PLAINTIFF**

Melissa Riley, Esq.
EMBRY & NEUSNER
P.O. Box 1409
Groton, CT 06340
(860) 449-0341
mriley@embryneusner.com

**DEFENDANTS**

Brett M. Szczesny, Esq.
HALLORAN & SAGE
315 Post Road West
Westport, CT 06880
(203) 227-2855
szczesny@halloransage.com
*For General Electric Company*

Mark O'Denehy, Esq.
ADLER POLLOCK & SHEEHAN, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
dkubacki@apslaw.com
*For Foster Wheeler, LLC*

Janice W. Howe, Esq.
MORGAN, LEWIS & BOCKIUS, LLP
One State Street
Hartford, CT 06103
(860) 240-2700
ctasbestos@morganlewis.com
*For Elliott Company*

                                          */s/ Thomas N. Lyons*
                                          Thomas N. Lyons